UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN M. BROWN,<br><br>　　　　　　　　　　Plaintiff<br><br>　　　-against-<br><br>CITY OF NEW YORK;<br>NYPD OFFICERS MARCUS COLON, shield 14439; F/K/U PAGON, shield 14823, F/K/U LOPEZ, shield 10246, SGT ROBERTO COPPOLA, shield 00903, all of the 28th Precinct,<br><br>　　　　　　　　　　Defendants | Index No. 12 cv 01218 (PKC)<br><br>A jury trial is demanded<br><br>COMPLAINT |

Plaintiff JOHN M. BROWN, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress his constitutional and legal rights, and alleges as follows:

### STATEMENT OF THE ACTION

1.　Defendant police officers falsely arrested plaintiff and maliciously dragged his face into urine and rock salt, causing significant injury and partial loss of sight in his left eye.

### JURISDICTION AND VENUE

2.　Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and principles of pendant jurisdiction. Venue is proper because defendant City of New York is administratively located within the Southern District of New York.

### PARTIES

3.　Plaintiff was at all times relevant a citizen and resident of the City and State of New York. Defendant police officers are employees and agents of

1

defendant City of New York.  At all times relevant they acted in their capacity as a New York City police officer, in furtherance of the City's interests, and in conformance with the usages and practices of the City of New York and the New York City Police Department.

4. Defendant City of New York is a municipal corporation.  It is authorized by its charter to maintain a police department, for which it retains responsibility.

**FACTS**

5. On Sunday January 30, 2011, at approximately 3pm, plaintiff stood in a crowd of people at 115th Street and 7th Avenue in Manhattan, watching defendant police officers arrest a local woman.

6. Also in the crowd was a friend of his, Tiaya Cornelius, who asked him to help her carry two bags of groceries home.

7. He was about to comply when an inebriated stranger grasped one of the bags, offering his services instead.

8. Tiaya objected strongly.  Plaintiff in no uncertain terms told the stranger that his help was not needed, and urged him away.  No violence or threats were involved.

9. Suddenly he felt his head forcibly hit on both sides by police batons.

10. His hands were pulled behind him and cuffed.

11. His legs were kicked out from under him and he fell heavily on his face, his cuffed hands being unable to break the fall.

12. His face hit the sidewalk directly in a puddle of urine, rock salt, and gravel.

13. Grasping him by his handcuffed hands, defendant police officers scraped his face forward into the puddle, causing abrasions and cuts in his lips, cheeks, and eyelids. Urine and rock salt entered his eyes.

14. An officer kicked him in the head.

15. During none of this time did he resist, physically or verbally.

16. After some time an ambulance arrived and removed him to St. Lukes / Roosevelt Hospital. Treatment included sutures in his lip and eyelids as well as repeated eye lavage and medication.

17. He was removed first to the 28th Precinct, then to Central Booking, where, after 30 hours in custody, he was released on his own recognizance.

18. Prosecution ended in January 2012 when he accepted an adjournment in contemplation of dismissal.

19. Plaintiff now bears scars on his lip and eyelids. He has lost some sight in his left eye, which loss appears to be permanent.

## CAUSES OF ACTION

### I.  42 USC §1983 violation of civil rights: False Arrest

20. There was no basis or reasonable cause for plaintiff's arrest and detention.

### II.  42 USC §1983 violation of civil rights: Excessive Force

21. Nothing in the conduct of plaintiff justified his violent and malicious

treatment by defendant officers.

### III. Liability of City of New York for constitutional violations

22.     The constitutional violations complained of herein are directly caused by of New York City and New York City Police Department policies, procedures, and practices.   In 2010, 17,024 allegations of misconduct were filed against New York City police officers,[1] and the Civilian Complaints Review Board ("CCRB") fully investigated 8,893 allegations.  Of these, 550 cases were found to be substantiated and referred to the NYPD for disciplinary action.  NYPD imposed discipline such as temporary suspension, loss of 1 to 10 vacation days, or training and instruction on 225 officers.  The statistics offer no indication that any officers were terminated,.  Plaintiffs respectfully submits that this minuscule rate of disciplinary consequence represents official sanction – even encouragement –  for police officers to violate the law.

### IV. Failure to train and supervise

23.     Defendant City of New York, despite having had notice that many New York City police officers habitually employ excessive force against arrestees failed to institute effective training and supervision procedures to reduce the incidence of excessive force by such officers, leading to plaintiffs' injuries.

Dated:     New York, New York
           January 23, 2012

---

[1] All statistics here presented are taken from  NYC Civilian Review Board Status Report, 2010 (the most recent full-year report available as of the date of this Complaint), http://nyc.gov/html/ccrb/pdf/ccrbann2010.pdf

4

/s/

George Wachtel [GW5921]
Law Office of Ronald L. Kuby
119 West 23st., Suite 900
New York, NY 10011
(212) 529-0223

VERIFICATION

     JOHN M. BROWN, plaintiff herein, being duly sworn, deposes and says as follows: I have read the above complaint and it is true except for those parts identified as "on information and belief," and as to those I believe them to be true.

New York, New York
Dated:    1/23/12                                               /s/
                                                                             John M. Brown


Sworn to before me this 1/23/12

/s/

Notarized by George Wachtel in original